IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIQUELLA BENAVIDEZ and
NATALIE BENAVIDEZ,

    Plaintiffs,

    v.                                                                                     No. 1:24-cv-01281-SMD-KK

THE BIPLANE COMPANY and JOHN
DOE, as personal representative of the
ESTATE OF RANDOLPH SHERMAN,

    Defendants.

## MEMORANDUM ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Remand and for Stay, Doc. 6 ("Mot. for Remand"), filed January 14, 2025. Defendants filed their response on January 28, 2025. Doc. 8 ("Defs' Resp."). Plaintiffs filed their reply on February 12, 2025. Doc. 14 ("Pls.' Reply"). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, the Motion is **DENIED**.

## BACKGROUND

The following recitation of events is based on Plaintiffs' original complaint, Doc. 1, Ex. A ("Compl."), amended complaint, Doc. 1, Ex. B ("Am. Compl"), and the statement of relevant facts set forth on pages one through five of their motion for remand, Mot. for Remand at 1–5.

    I.    Factual Background

This motion involves whether Defendants timely filed their notice of removal in an action arising from a plane crash, in which the complaint alleges trespass, private nuisance, and negligence. *See* Doc. 1, ¶ 7; "Am. Compl." ¶¶ 61–105. Plaintiffs Miquella Benavidez and Natalie Benavidez are mother and daughter who live on adjacent properties in Agua De Oro, Santa Fe.

Am. Compl. ¶¶ 1, 6, 18–19.  Defendants The Biplane Company ("Biplane") and Randolph Sherman were in a joint venture and were co-owners of the aircraft that crashed. *Id.* ¶ 55.

On July 18, 2023, Sherman was preparing to fly a twin-engine 1978 Cessna T310R to Santa Monica, California. *Id.* ¶ 26. At approximately 9:04 a.m., Sherman was cleared for takeoff from Runway 20. *Id.* ¶ 28. He climbed to an altitude of about 6,100 feet mean sea level and reached a groundspeed of roughly 108 knots. *Id.* After one minute and twenty-three seconds, Sherman reported an engine failure and indicated that only one engine remained operational. *Id.* ¶¶ 29–30, 34.

Multiple witnesses observed the airplane flying at a low altitude. *Id.* ¶ 37. Moments later, Sherman lost control, and the plane plummeted, striking the south end of Miquella Benavidez's home. *Id.* ¶ 38. The aircraft contained about sixty gallons of fuel, which ignited upon the crash. Sherman did not survive the crash. *Id.* ¶ 39. The resulting fire spread contaminants and toxic fumes onto Natalie Benavidez's adjacent property, rendering both Plaintiffs' homes uninhabitable. *Id.* ¶¶ 41–48.

II.     Procedural Background

After the crash, Plaintiffs began negotiating with AIG Aerospace Adjustment Services, Inc. ("AIG"), the aircraft's insurer. Mot. for Remand ¶¶ 2–3. On October 19, 2023, Plaintiffs' counsel submitted a demand letter to AIG in an attempt to resolve the claims without litigation. *Id.* ¶ 3.

AIG retained attorney Dillion Steadman of Sanders & Parks, P.C. *Id.* ¶ 6. Plaintiffs allege that during these negotiations, Steadman, although acting as the insurer's counsel, also represented and advanced the interests of Randolph Sherman. *Id.* ¶ 7.

On August 14, 2024, Plaintiffs filed suit in the First Judicial District of New Mexico. *Id.* ¶ 8. Their complaint alleged negligence, trespass, and private nuisance against Biplane Company.

Compl. ¶¶ 59–73, ¶¶ 74–85, ¶¶ 86–100. Sherman's estate, however, was not named as a defendant in that initial pleading.

Plaintiffs served the original complaint on Defendant Biplane by mail on August 21, 2024. Mot. for Remand ¶ 9; Doc. 6, Ex. 2. Plaintiffs also emailed attorney Steadman a copy of the complaint with a letter inquiring whether he would accept service on Biplane's behalf. Mot. for Remand ¶ 11; Doc. 6, Ex. 4 at 6. Steadman initially responded that Biplane's insurance status with AIG was uncertain, but later he confirmed that his firm represented Biplane and was authorized to accept service on its behalf. *Id*. ¶ 13; Doc. 6, Ex. 4 at 4.

On October 18, 2024, Plaintiffs filed an amended complaint adding John Doe, personal representative of Randolph Sherman's estate, as a defendant. *Id*. ¶ 14. The next day, Plaintiffs emailed Steadman a copy of the amended complaint. *Id*. ¶ 11. On October 21, Steadman confirmed receipt and acknowledged that he had accepted service of the amended complaint on behalf of Biplane, but not on behalf of Sherman's Estate. *Id*. ¶ 16; Doc. 6, Ex. 4 at 2–3. Instead, Steadman stated "I will check with the carrier on whether we will also be representing Mr. Sherman's estate and will let you know." *Id*. ¶ 20; Doc. 6, Ex. 4 at 2–3.

On November 19, 2024, Steadman confirmed that he represented Sherman's estate. *Id*. ¶ 21, Ex. 4 at 2–3. On December 19, 2024, Defendants filed the Notice of Removal in the District Court of New Mexico. *Id*. ¶ 26. In that notice, Defendant argued that Plaintiffs had not served the amended complaint on Sherman's estate. Doc. 1 ¶ 4. The notice further stated that counsel for Sherman's estate provided the amended complaint to a representative of Sherman's family on December 9, 2024, which triggered the thirty-day removal period. *Id*. Because Defendants filed within thirty days of that date, they argued removal was timely. *Id*.

3

Plaintiffs then moved to remand, contending that the thirty-day removal period instead began earlier on October 19, 2024, when they emailed the amended complaint to Steadman. Mot. for Remand at 6. Under this theory, the removal notice should have been filed on or before November 18, 2024, and Defendants' filing was thirty days too late. *Id.* ¶ 16.

The parties do not dispute the existence of diversity jurisdiction. The only issue raised in Plaintiffs' motion is the timeliness of the removal.

## LEGAL STANDARD

I. <u>Procedure Governing Removal</u>

Section 1446 of Title 28 of the United States Code governs the procedure for removal. *Mach v. Triple D Supply*, 773 F. Supp. 2d 1018, 1030–31 (D.N.M. 2011). Removal to federal court is authorized for "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441; *Ham v. CarMax Auto Superstores, Inc.*, No. 1:23-CV-01057-DHU-JFR, 2024 WL 2091862, at *2 (D.N.M. May 9, 2024).

Congress has authorized the federal courts to exercise jurisdiction over certain cases between citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Jurisdiction based on diversity of citizenship exists when a dispute between citizens of different states involves an amount in controversy exceeding $75,000. *See* § 1332(a)(1); *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).

Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed. *Mach*, 773 F. Supp. 2d at 1030–31 (quoting *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985)). "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)); *see Bonadeo v. Lujan*, No. CIV08-0812JB/ACT, 2009 WL 1324119, at *4

4

(D.N.M. Apr. 30, 2009); *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M.1998) ("The right to remove a case that was originally in state court to federal court is purely statutory, not constitutional."); *Mach*, 773 F. Supp. 2d at 1030–31.

To exercise the right of removal, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *Ham*, 2024 WL 2091862, at *2.

Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Fajen v. Found. Rsrv. Ins.*, 683 F.2d 331, 333 (10th Cir. 1982). Doubtful cases are resolved in favor of remand because "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal citations omitted).

If a defendant removes a matter to federal court, the plaintiff may challenge the removal by filing a motion to remand in federal district court. *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1208 (D.N.M. 2012); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). The procedure for motions to remand is governed primarily by 28 U.S.C. § 1447. Grounds for remand include a lack of subject-matter jurisdiction, *see* 28 U.S.C. § 1447(c), or a defect in the removal procedure, *see Bonadeo*, 2009 WL 1324119, at *6. A defect in the removal notice or any "[f]ailure to comply with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'" *Page v. City of Southfield*, 45 F.3d 128, 131 (6th Cir.1995) (citing *In re Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir.1994)). Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." § 1447(c).

II.   The Removing Party Bears the Burden to Establish Jurisdiction.

"The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Tenth Circuit has held that, to support removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be 'disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 635 F.2d 797, 800 (10th Cir. 1980) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)).

III.   Determining the Propriety of Service of Process

Federal courts in removed cases look to the law of the forum state, in this case New Mexico, to determine whether service of process was perfected prior to removal. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010); *see also Exec. Consulting, Inc. v. Kilmer*, 931 F. Supp. 2d 1139, 1140 (D.N.M. 2013) ("In determining the validity of service before removal, a federal court must apply the law of the state under which the service was made.") (first citing *Johnson v. N.T.I., a Div. of Colo. Springs Circuits*, 898 F. Supp. 762, 765 (D. Colo. 1995); and then citing *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993) ("The issue of the sufficiency of service of process prior to removal is strictly a state law issue.")). Plaintiff bears the burden of establishing the validity of service. *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

## DISCUSSION

I.   The Court Possesses Original Jurisdiction.

The parties do not dispute that diversity jurisdiction exists. Removal to federal court is authorized for "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441; *Ham*, 2024 WL 2091862, at *2. Jurisdiction

based on diversity of citizenship exists when a dispute between citizens of different states involves an amount in controversy exceeding $75,000. § 1332(a); *Lovell*, 466 F.3d at 897 (10th Cir. 2006).

Both requirements are satisfied here. From the outset, Plaintiffs demanded more than $75,000.00 for damages and loss of property resulting from the crash. Mot. for Remand ¶ 5; Doc 1 ¶ 15. As to citizenship, Plaintiffs are residents of Santa Fe County, New Mexico. Mot. for Remand ¶ 10; Compl. ¶¶ 18–19. Defendants Biplane and Sherman's estate are citizens of Los Angeles, California. Mot. for Remand ¶ 15; Am. Compl. ¶ 22. Because complete diversity exists and the amount-in-controversy requirement is met, this Court has original jurisdiction.

II.     The Thirty-Day Removal Period Commences Only Upon Formal Service.

To determine whether Defendants' notice of removal was timely, the Court must first establish when the thirty-day removal period begins. Section 1446 governs procedure for removal of civil actions. Specifically, § 1446(b)(1) sets forth the timing and mechanism for removal:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, <u>through service or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added).

In *Murphy Bros.*, the Supreme Court clarified that § 1446(b)(1) requires formal service to trigger the removal period. 526 U.S. 347, 347–48 (1999). In that case, the plaintiff filed a complaint with an Alabama state court but did not simultaneously serve the defendant. *Id*. at 348. Three days later, the plaintiff faxed a "courtesy copy" of the file-stamped complaint to the defendant. *Id*. at 347. The plaintiff formally served the defendant sometime later. *Id*. at 348. Thirty days after that service but forty-four days after receiving the faxed copy of the complaint,

the defendant removed the case to federal district court. *Id*. The plaintiff filed a motion to remand, arguing that the removal was fourteen days late. *Id*.

The Court disagreed, holding that "named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id*. at 347–48.

The Court emphasized that the "service or otherwise" language in § 1446(b) does not eliminate the requirement of formal service. Rather, it was Congress's way of accounting for different state rules for filing or serving the summons and complaint. *Armijo v. Flansas*, No. 17-CV-665 WJ-JHR, 2017 WL 6001768, at *3–4 (D.N.M. Dec. 4, 2017) (explaining that formal service is required for the removal period to begin, as held in *Murphy Bros.*, 526 U.S. at 351–52).

Accordingly, after *Murphy Bros*, the removal period under § 1446(b) begins only after both (1) the defendant has been served with the summons, and (2) the complaint has been made available in some way to the defendant according to the local jurisdictions' rules. *Id.* at 3–4.

In line with the Supreme Court's ruling, the Tenth Circuit and this District have interpreted 1446(b) to require formal service of process upon the defendant before the thirty-day removal period begins to run. *See Murphy Bros.*, 526 U.S. at 347–48; *Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 724 (10th Cir. 2007) (holding that, because the removing defendant was improperly served, "the thirty-day period for filing a notice of removal set forth in 28 U.S.C. § 1446(b) never started to run" (citing *Murphy Bros.*, 526 U.S. at 351)); *Alverson v. Wells Fargo Bank, N.A.*, No. CV 18-0123 JB/KBM, 2018 WL 2234896, at *4 (D.N.M. May 16, 2018) ("Formal service is required to trigger the thirty-day period for removal."). Without simultaneous service of the summons and complaint, or receipt of the complaint, "[a]n individual or entity named as a

defendant is not obliged to engage in litigation." *Murphy Bros.*, 526 U.S. at 347–48; *Ham*, 2024 WL 2091862, at *2. In short, the thirty-day period for removal does not begin until formal service occurs.

### III. The Removal Period Did Not Commence Because Plaintiffs Failed to Serve Defendant Sherman's Estate.

The Court must next determine whether Plaintiffs properly effected service of process on Sherman's Estate. "In determining the validity of service before removal, a federal court must apply the law of the state under which the service was made." *See Wallace*, 596 F.3d at 706; *Lee*, 12 F.3d at 937 ("The issue of the sufficiency of service of process prior to removal is strictly a state law issue."); *Johnson*, 898 F. Supp. at 765 (citing 5 Wright & Miller's Federal Practice & Procedure § 1082 (1987)); *Kilmer*, 931 F. Supp. 2d at 1140.

"New Mexico rules of service of process do not provide for service by email." *See* Rule 1-004 NMRA; *Sanchez v. Walgreen Co.*, No. 220CV01291KWRKRS, 2021 WL 1921516, at *2 (D.N.M. May 13, 2021). Accordingly, Plaintiff's act of emailing the amended complaint to Steadman on October 19, 2024 did not constitute valid service. *See Murphy Bros.*, 526 U.S. at 347–48 (internal citations omitted). Moreover, Steadman expressed uncertainty then about whether he represented Sherman's estate in this litigation and did not confirm representation until November 19, 2024. Mot. for Remand ¶ 20.

Plaintiffs maintain that the "through service or otherwise" language in § 1446(b)(1) permits them to notify defendants either through formal service or by alternative means, so long as defendants have notice and knowledge of the underlying action. *Id.* at 5; Pls.' Reply at 3. They further assert that the thirty-day removal clock begins to run when the defendant can intelligently

9

ascertain removability. Mot. for Remand at 5–6 (quoting *Viola v. Home Depot U.S.A., Inc.*, No. Civ. 13-1004 LH/SCY, 2014 WL 12597410, at * 2 (D.N.M. Aug. 20, 2014)).

On this basis, Plaintiffs assert that the thirty-day period began when Steadman, initially acting as counsel for the insurer of the aircraft and later for Sherman's estate, became aware that the case was removable. Pls.' Reply at 2, 4. Plaintiffs argue that although their complaint did not name the insurer or reference insurance coverage, "all pre-filing communications and the original complaint made it clear that Plaintiffs[sic] claims were directed against the insurance policy of the deceased tortfeasor." *Id*. at 6. Because Steadman represented the insurer during the pre-filing negotiations, Plaintiffs underscore that Steadman's knowledge of the case should be imputed to Sherman's estate once he began serving as its counsel. Doc. 6 at 7; Pls.' Reply at 8; *see* Mot. for Remand at 7 (quoting *Federated Towing & Recovery v. Praetorian Ins. Co.*, 283 F.R.D. 644, 665 (D.N.M. 2012). In short, Plaintiffs contend that Sherman's estate had notice that this lawsuit was removable when the original complaint was served or, at the very latest, upon receipt of Plaintiffs' amended complaint by Defendants' counsel on October 19, 2024 through email. Pls.' Reply at 6.

The Court disagrees. Earlier cases permitted the thirty-day removal period to begin without formal service, but that approach no longer controls. *Paschall v. Frietz*, 461 F. Supp. 3d 1145, 1148 (D.N.M. 2020); *Furness v. Mills*, No. 2:12-CV-00256 DN, 2013 WL 3995258, at *1 (D. Utah Aug. 5, 2013, as corrected Aug. 9, 2013). *Murphy Bros.* unambiguously held that the thirty-day filing period for removal does not begin to run until the defendant is formally served with the complaint. *Murphy Bros.*, 526 U.S. at 347–48. Mere knowledge or notice of removability does not suffice. Thus, even if Steadman had learned that the case was potentially removable during the pre-filing negotiations in 2023, the removal period would not begin until Plaintiffs properly served Sherman's estate. Moreover, because Steadman was not then counsel for Sherman's estate,

any knowledge he possessed could not be imputed to the estate when Plaintiffs emailed the amended complaint on October 19, 2024. *See* Mot. for Remand ¶ 20.

The Court also rejects Plaintiffs' alternative argument that the thirty-day period began when they served the original complaint on Biplane. Pls.' Reply at 5–7. This Court follows the "last-served defendant" rule, under which "the clock begins running on each defendant to either remove a case or join a removal petition when that defendant receives formal service of process" *See Nieto v. Univ. of N.M.*, 727 F. Supp. 2d 1176, 1181 (D.N.M. 2010) ("This Court, however, has concluded that the more modern, 'last-served' rule is more in harmony with the language of the removal statute, and is a more fair and workable rule."); *see also Sawyer*, 839 F. Supp. 2d at 1208. Since Plaintiffs' original complaint did not name Sherman's estate as a defendant, the thirty-day filing period for Sherman's estate as the last-served defendant should start when it receives formal service of process. In which case, Plaintiffs have the burden to establish the validity of the service. *See Fed. Deposit Ins. Corp.*, 959 F.2d at 174.

Plaintiffs rely on *Aranda*, in which the court held that service was valid despite a misnomer in the defendant's name, and that the removal period began when the complaint was served on the defendant's agent. Pls.' Reply at 7 (citing *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1217 (D.N.M. 2012)). *Aranda*, however, rests on the entirely different doctrine that a misnomer or a technical error in naming a corporation is immaterial if the corporation could not have been misled by the error, and where formal service nonetheless provided actual notice that it was a named defendant in the lawsuit. *Aranda*, 884 F. Supp. 2d at 1211 (citing *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d 190, 196). Here, by contrast, the dispute does not involve a misnomer in service of process. Instead, the issue is that Plaintiffs never properly served

11

Sherman's estate under § 1446 (b)(1), as clarified by *Murphy Bros*. *Aranda*, which addresses misnomer after valid formal service, does not help Plaintiffs. *See id*. at 1211.

Finally, Plaintiffs contend that Defendants failed to prove Steadman began representing Sherman's estate on November 19, 2024, or that he actually delivered the amended complaint to the estate on December 9, 2024. Regardless, as explained above, there is no indication that service—or waiver of service—ever occurred. Accordingly, the thirty-day removal period did not begin, and the notice of removal was timely.

Because parties do not dispute the existence of diversity jurisdiction and the notice of removal was timely, the Court denies the Motion for Remand and for Stay.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion for Remand and for Stay is **DENIED** as described above.

_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**