IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIQUELLA BENAVIDEZ, *et al.*,

    Plaintiffs,

v.                                                           Civ. No. 24-1281 SMD/KK

THE BIPLANE COMPANY, *et al.*,

    Defendants.

## SCHEDULING ORDER

    This case is assigned to me for scheduling, case management, discovery, and all other non-dispositive motions. Counsel and *pro se* parties are required to comply with the Local Civil Rules of the United States District Court for the District of New Mexico, as well as the Federal Rules of Civil Procedure. Civility and professionalism are required of counsel throughout this litigation. Counsel *must* comply with the State Bar of New Mexico's "Creed of Professionalism."

    Counsel and any *pro se* parties will "meet and confer" no later than **Monday, October 20, 2025**, to discuss: (1) the nature and bases of their claims and defenses; (2) the possibility of a prompt resolution or settlement; (3) making or arranging for complete initial disclosures as required by Rule 26(a)(1); (4) preserving discoverable information; and (5) the formulation of a provisional discovery plan. Fed. R. Civ. P. 26(a)(1), (f). In formulating a provisional discovery plan, counsel and *pro se* parties should meaningfully discuss: (i) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to particular issues; (ii) any issues about the disclosure, discovery, or preservation of electronically stored information, including the form(s) in which it should be produced; (iii) any issues about claims of privilege or confidentiality of materials, including

exploring whether the parties can agree on a procedure to assert these claims and whether they will ask the Court to include any agreement in an order[1]; (iv) whether any changes should be sought to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules; and, (v) the facts and the law governing the case to which the parties are willing to stipulate.

Pursuant to Rule 26(d)(2), the parties may deliver requests for production under Rule 34 before the "meet and confer" date. Fed. R. Civ. P. 26(d)(2). However, such requests are not considered to have been served until the first "meet and confer" session. *Id.*

Initial disclosures under Rule 26(a)(1) must be made **within fourteen (14) days of the "meet and confer" session**, unless a different time is set by stipulation or court order. The parties are advised to strictly follow the letter and spirit of Rule 26(a)(1) in preparing their initial disclosures. Fed. R. Civ. P. 26(a)(1). Initial disclosures are intended to accelerate the exchange of core information about the case and eliminate the need for formal discovery at the early stages of litigation. *See* 1993 Advisory Committee Notes to Fed. R. Civ. P. 26(a)(1). The parties must seek to meet these objectives in making their initial disclosures and should be prepared to explain how they have fully complied with their obligations under Rule 26(a)(1) at the Initial Scheduling Conference.

The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR") which follows the sample JSR form available on the United States District Court for the District of New Mexico's website. All attorneys must show their complete mailing address and

---

[1] If the parties intend to ask the Court to include any agreement regarding confidentiality of materials in an order, they are instructed to review the "Guidelines for Proposed Protective Orders Submitted to Judge Khalsa" available under the "Procedures" tab at http://www.nmd.uscourts.gov/content/honorable-kirtan-khalsa before drafting a proposed stipulated order to submit to the Court.

2

telephone number(s) under the "Appearances" section of the JSR. *Do not* indicate witnesses' addresses as "in care of" an attorney's office. The city or town of residence of each witness must be included so that the trial judge can consider that information in determining the trial location. The parties are to fill in the blanks for proposed dates, bearing in mind that the time allowed for discovery is generally 120 to 150 days from the date of the Initial Scheduling Conference. The Court will determine actual case management deadlines after considering the parties' requests. Plaintiff, or Defendant[2] in removed cases, is responsible for electronically filing the JSR by **Friday, October 31, 2025**.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express, written approval obtained for any modification of the case management deadlines that the Court establishes at the scheduling conference.

A Rule 16 Initial Scheduling Conference will be held **<u>by telephone</u>** on **Monday, November 10, 2025, at 3:30 p.m.** Counsel and any *pro se* parties are to call the Court's WebEx conference line at (855) 244-8681 and enter the code 2308 107 9716 to connect to the proceedings. At the conference, counsel and any *pro se* parties must be prepared to discuss all claims and defenses, initial disclosures, discovery requests and scheduling, issues relating to the disclosure, discovery, and preservation of electronically-stored information, the timing of expert disclosures and reports under Rule 26(a)(2), and the use of scientific evidence and whether it is anticipated that a *Daubert*[3] hearing will be needed. We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Lead

---

[2] Herein, the terms "Plaintiff" and "Defendant" encompass both singular and plural meanings.

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

counsel and parties appearing *pro se* must participate unless excused by the Court. Parties represented by counsel need not attend.

    IT IS SO ORDERED.

*/s/ Kirtan Khalsa*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
